# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>THOMAS A. GASSNER,<br><br>        Debtor.<br>_____ | Case No. 10-27435-E-7 |
| KIMBERLY J. HUSTED, in her capacity as Trustee for the Bankruptcy Estate of Thomas A. Gassner,<br><br>        Plaintiff,<br><br>v.<br><br>MEPCO LABEL SYSTEMS, a California Corporation; et al,<br><br>        Defendants.<br>_____ | Adv. Proc. No. 19-2006<br>Docket Control No. RHS-1<br><br><br>DATE: August 13, 2020<br>TIME: 10:30 a.m.<br>DEPT: E |

**ORDER FOR DETERMINATION OF CORE OR
NON-CORE STATUS OF COUNTS 1 AND 2
OF COUNTERCLAIM RELATING TO STOCK
ASSERTED TO BE PROPERTY OF THE
BANKRUPTCY ESTATE**

Plaintiff-Trustee Kimberly Husted and Defendant/Counterclaim Plaintiffs MEPCO Label Systems (MEPCO), Carol Gassner, and Alfred Gassner (collectively "MEPCO/Gassner Parties") are litigating in this Adversary Proceeding various claims and counterclaims, including whether 2,000 shares of stock of MEPCO Label Systems ("MEPCO Stock") and other property of the Thomas Gassner Trust is property of the Thomas Gassner bankruptcy or property of Carol Gassner and Alfred Gassner (or such person(s) as they direct). In the Amended Complaint, Plaintiff-Trustee seeks turnover of the 2,000 shares of MEPCO Stock and other assets of the Thomas Gassner Trust

to the Plaintiff Trustee as being included in the Thomas Gassner bankruptcy estate.

In their Counterclaim, the MEPCO/Gassner Parties assert that Carol Gassner and Alfred Gassner have the right to reform or modify the Thomas Gassner Trust such that the Plaintiff-Trustee has no right to any assets of the Thomas Gassner Trust or the right to rescind at least a portion of the transfer of stock to Thomas Gassner that the Plaintiff-Trustee asserts is property of the Thomas Gassner bankruptcy estate. Counterclaim Counts 1 and 2; Dckt. 105. The determination of the ownership of the MEPCO Stock is a necessary determination for the court in ruling on the Turnover Cause of Action. Carol Gassner and Alfred Gassner dispute the Plaintiff Trustee's claim of ownership based on their asserted right to reform, modify, or rescind in whole or part the Thomas Gassner Trust or transfer of the MEPCO Stock into said Trust. Those rights have been in this Counterclaim filed in response to the Amended Complaint.

The MEPCO/Gassner Parties assert that Counts 1 and 2 of the Counterclaim are non-core matters for which the bankruptcy judge makes proposed findings and conclusions to the district court judge, and then the district court judge shall issue the final orders and judgment after review of the proposed findings and conclusions, and *de novo* review of those matters to which any party has timely and specifically objected. 28 U.S.C. § 157(c)(1).

## ISSUE OF CORE AND NON-CORE MATTER PROCEEDINGS

The Complaint and Counterclaim raise both core (such as turnover and claim objections) and non-core (involuntary dissolution of a corporation) matters that are not the subject of dispute. As the parties recognized, and for which the Supreme Court has issued a series of decisions over the past several decades, the determination by the federal courts of core and non-core matters is essential in the administration of bankruptcy cases and the adversary proceedings relating thereto.

Here, there is an issue of whether the determination of the ownership of the MEPCO Stock and other assets in the Thomas Gassner Trust for which Thomas Gassner was the beneficiary is property of the bankruptcy estate is a core or non-core matter. The First Cause of Action for turnover of property of the bankruptcy estate in the Plaintiff Trustee's Complaint is an undisputed core proceeding arising under 11 U.S.C. § 542. But the defense to the turnover is a dispute over the

ownership of the stock - whether the Thomas Gassner bankruptcy estate or as directed by Carol Gassner and Alfred Gassner. The dispute is founded in the asserted rights of Carol Gassner and Alfred Gassner to have the Thomas Gassner Trust reformed or modified, or to have the transfers rescinded in part under applicable law.

Property of the bankruptcy estate is created by operation of federal law, 11 U.S.C. § 541, which states in pertinent part as relevant to the matter now before the court:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(Other provisions of 11 U.S.C. § 541 provide for certain properties obtained after the commencement of the bankruptcy estate or recovered under other provisions of the Bankruptcy Code (such as avoided preferences and fraudulent conveyances) to be added to the bankruptcy estate.)

The core turnover proceeding arises pursuant to 11 U.S.C. § 542 which provide:

> § 542. Turnover of property to the estate
>
> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.
>
> (b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.
>
> (c) Except as provided in section 362(a)(7) of this title, an entity that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor may transfer property of the estate, or pay a debt owing to the debtor, in good faith and other than in the manner specified in subsection (d) of this section, to an entity other than the trustee, with the same effect as to the entity making such transfer or payment as if the case under this title concerning the debtor had not been commenced.
>
> (d) [Life insurance company making required premium payment]

(e) [Attorney, accountant, or other person holding records relating to property of the estate, subject to applicable privileges]

Except as expressly stated in the Bankruptcy Code, state or non-bankruptcy law determines the rights and interests of the debtor that become property of the bankruptcy estate. *In re Brass Kettle Restaurant, Inc.*, 790 F.2nd 574, 575 (7th Cir. 1986). However, whether something is "property of the estate" is a federal question decided by federal law. *Marrs-Winn Co. v. Giberson Elec. (In re Marrs-Winn Co.)*, 103 F.3d 584, 591 (7th Cir. 1996).

The Ninth Circuit Court of Appeal has expressly addressed this question and determined that what and if something is property of the bankruptcy estate is a core matter proceeding.

> Section 157(b)(2) lists the core proceedings in bankruptcy. The trustee contends that his action seeks the turnover of property of the estate and, thus, is a core proceeding pursuant to section 157(b)(2)(E). The administrator claims that the trustee's action is not an attempt to obtain property of the estate. It asserts that Kincaid has no present right to her interest, as her interest in the Plan has not matured. . . .
> . . .
> Moreover, as the BAP pointed out, "determining the nature and extent of property of the estate is also a fundamental function of a bankruptcy court. . . . [and] fundamental to the administration of a bankruptcy case." *In re Kincaid*, 96 Bankr. 1014, 1017 (9th Cir. BAP 1989). **Since an action to obtain property of the estate would necessarily involve a determination regarding "the nature and extent of property of the estate," the action would also be a matter "concerning the administration of the estate," and, therefore, a core proceeding**. 28 U.S.C. § 157(b)(2)(A). We hold that this is a core proceeding. Thus, the bankruptcy court had jurisdiction to decide the question.

*In re Kincaid*, 917 F.2d 1162, 1165 (9th Cir. 1990) (emphasis added). In *Silva v. First Union National Bank, N.A. (In re Silva)*, 185 F.3d 992 (9th Cir. 1999), the Ninth Circuit reaffirmed that determination of what is property of the estate and the determination of the rights and interests among competing parties is a core proceeding. *See also*, *Nichols v. Wright (In re Dean)*, 107 F.3d 579, 581 (8th Cir. 1997) (proceeding to determine interest of bankruptcy estate in property and for turnover is a core proceeding).

## HEARING AND OPPORTUNITY FOR RESPONSIVE BRIEFING OF ISSUE

The Parties to this Adversary Proceeding have been on a long road, some of them dating back more than half a decade. In this court, the Parties have come to grip with who the necessary parties are to adjudicate what rights and interests, if any, the Thomas Gassner bankruptcy has in the

1　property that is, or was, in the Thomas Gassner Trust. They have found a focus in the litigation and
2　the related litigation involving alleged violations of the automatic stay.

3　　　　As stated above, there appears to be clear Ninth Circuit authority that the core bankruptcy
4　proceeding for turnover property of a bankruptcy estate necessarily includes the core bankruptcy
5　proceeding to determine whether the property in dispute is part of the bankruptcy estate as
6　established by 11 U.S.C. § 541.  The determination of whether it is property of the bankruptcy as
7　provided in 11 U.S.C. § 541, under the Bankruptcy Code, necessarily can only arise in the
8　bankruptcy case.

9　　　　As provided in 28 U.S.C. § 157(b)(3), the court sets a hearing for the issuance of an order
10　determining that Counterclaim Count 1 for Reformation or Modification of the Thomas Gassner
11　Trust and Count 2 for Partial Recision of the Thomas Gassner Trust for a judgment determining that
12　the assets of the Thomas Gassner Trust are not property of the bankruptcy estate is a core
13　proceeding.  The court sets the briefing schedule below and oral argument to allow the parties to file
14　their respective briefs, if any, stating a legal basis for Count 1 and Count 2 of the Counterclaim to
15　be determined non-core matters.

16　　　　Therefore, upon consideration of the above, the issues presented in the Complaint and
17　Counterclaim, and good cause appearing;

18　　　　**IT IS ORDERED** that the court shall conduct a hearing at **10:30 a.m. on August 13, 2020**,
19　for the issuance of an order determining that Count 1 for Reformation or Modification of the Thomas
20　Gassner Trust and Count 2 for Partial Recision of the Thomas Gassner Trust in the Counterclaim
21　filed by MEPCO, Carol Gassner, and Alfred Gassner in response to the Complaint for Turnover are
22　core matter proceedings as provided in 28 U.S.C. § 157(b).

23　　　　**IT IS FURTHER ORDERED** that Responsive Pleadings to this Order addressing whether
24　Count 1 and Count 2 of the Counterclaim are core matter proceedings shall be filed and served on
25　or before **July 30, 2020,** and Replies to such Responsive Pleadings filed and served on or before
26　**August 6, 2020**.

27　　　　If, after considering the Ninth Circuit authorities cited above and conducing their own
28　respective legal research, the Parties in this Adversary Proceeding concur that Count 1 and Count 2

of the Counterclaim are core matter proceedings, they may file a joint statement of no opposition to the entry of the order of this court determining that Count 1 and Count 2 of the Counterclaim are core matter proceedings as provided in 28 U.S.C. § 157 and all final orders and judgment relating thereto shall be issued by the bankruptcy judge.

Dated: July 10, 2020

By the Court

_____
Ronald H. Sargis, Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
**Service List - Not Part of Order/Judgment**

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor(s)** | **Attorney for the Debtor(s)** (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **Attorney(s) for the Trustee** (if any) | Scott G. Beattie, Esq.<br>3443 Deer Park Drive, #A<br>Stockton, CA 95219 |
| Charles L. Hastings, Esq.<br>4568 Feather River Drive, #A<br>Stockton, CA 95219 | Holly Estioko, Esq.<br>500 Capitol Mall, Ste. 2250<br>Sacramento, CA 95814 |