# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

**Case Title:** Thomas A. Gassner
**Adversary Title:** Husted v. MEPCO LABEL SYSTEMS et al

**Case No.:** 10-27435 - E - 7
**Adv No.:** 19-02006

**Docket Control No.** FWP-1
**Date:** 09/03/2020
**Time:** 11:00 AM

**Matter:** [133] - Motion/Application to Intervene [FWP-1] Filed by Interested Party Georgene Gassner (pdes)

**Judge: Ronald H. Sargis**
**Courtroom Deputy: Nancy Williams**
**Reporter: Diamond Reporters**
**Department: E**

**APPEARANCES for:**
**Movant(s):**
ATTY HOLLY ESTIOKO BY PHONE
**Respondent(s):**
(by phone) Plaintiff - Kimberly J. Husted; (by phone) Plaintiff's Attorney - Kristen Ditlevsen; (by phone) Defendant's Attorney - Charles L. Hastings; (by phone) Defendant's Attorney - Scott G. Beattie

## CIVIL MINUTES

Motion Denied

See Findings of fact and conclusions of law below

**The court will issue an order.**

Local Rule 9014-1(f)(1) Motion—Hearing Required.

Sufficient Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Attorney for Defendant Laura Strombom, Attorney for Defendant MEPCO Label Systems, Carol Gassner and Alfred M. Gassner, Chapter 7 Trustee, and Attorney for the Chapter 7 Trustee on July 29, 2020. By the court's calculation, 36 days' notice was provided. 28 days' notice is required.

The Motion to Intervene has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1). Failure of the respondent and other parties in interest to file written opposition at least fourteen days prior to the hearing as required by Local Bankruptcy

Rule 9014-1(f)(1)(B) is considered to be the equivalent of a statement of nonopposition. *Cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (upholding a court ruling based upon a local rule construing a party's failure to file opposition as consent to grant a motion). The defaults of the non-responding parties and other parties in interest are entered.

## The Motion to Intervene is denied.

Georgene Gassner, who is identified as an Interested Party, ("Movant") requests the court allow her to intervene in this adversary proceeding pursuant to Federal Rule of Civil Procedure 24, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7024. Movant seeks to file a "Complaint in Intervention" asserting her own, independent (and competing) rights duplicating what is in the Plaintiff-Trustee's Complaint. Exhibit A, Dckt. 137.

Movant seeks the turnover of certain property of the estate (the Thomas A. Gassner Trust Assets or their value), the dissolution of MEPCO Label Systems ("MEPCO"), and objects to the proofs of claim filed by Carol L. Gassner and Alfred M. Gassner and MEPCO against the estate. These duplicate what the Trustee is prosecuting as the Plaintiff in this Adversary Proceeding.

Movant asserts that as the surviving spouse of, and successor-in-interest to the Debtor Thomas A. Gassner, and as the Successor Trustee of the Debtor and Movant's Family Trust, into which the Debtor transferred his interest in the Thomas A. Gassner Trust, Movant has a significant protectable interest in the property that is the subject of this action, the disposition of the instant proceeding will impair or impede her ability to protect her interest, and no existing party adequately represents her interests.

**DISCUSSION**

As discussed in Moore's Federal Practice, there is a mandatory three-step criteria for intervention: interest, impairment, and inadequate representation.

[a]    All Three Criteria Must Be Met

In the absence of statutory authority granting a right to intervene (see §24.02), a movant must make a timely motion (see §24.21) and establish all three of the following criteria in order to qualify for intervention of right:

1. The movant claims an interest in the subject matter of the litigation;

2. Disposing of the litigation may as a practical matter impair or impede the movant's ability to protect that interest; and

3. The existing parties to the action do not adequately represent the movant's interest.

6 *Moore's Federal Practice - Civil* § 24.03 (2020)

Here, Movant fails this very first step of the criteria. Movant herself has assigned all rights to the Chapter 7 Trustee. Movant has no rights to the stocks subject of the Trust. As for step two, Movant again fails, on the grounds that Movant has no rights or interests; she has a right to surplus only, not a right to administer property of the bankruptcy estate. Lastly, the fiduciary Chapter 7 Trustee for the bankruptcy estate is the party that has all of the rights and interests.

The Chapter 7 Trustee has employed sophisticated, experienced attorneys who are more than capable to fully and completely enforce the rights and property of the bankruptcy estate. To the extent that the Trustee may wish to settle, the judge must approve such a settlement after notice and hearing, at which time Movant can either object or support or advocate for her surplus interest.

As further discussed in Moore's Federal Practice, Movant must have sufficient interest in the action:

> [a] Interest in Property That Is Subject of Action
>
> A movant must demonstrate "an interest relating to the property or transaction that is the subject of the action" in which the movant seeks to intervene. The leading case of *Donaldson v. United States* gave the Rule 24(a) "interest" requirement a very narrow reading. In *Donaldson*, the Court rejected the attempted intervention of a taxpayer who sought to contest his former employer's compliance with an IRS subpoena. Although the taxpayer clearly had a keen concern that the IRS not be able to obtain records relevant to him, the Supreme Court found his "interest" wanting because he lacked a "proprietary interest" and had no "significantly protectable interest."
>
> In this context, the term *protectable* means legally protectable. A movant's interest must be "direct, substantial, and legally protectable" to satisfy the interest requirement of Rule 24(a)(2).

6 *Moore's Federal Practice - Civil* § 24.03 (2020)

By way of the Complaint in Intervention, Movant seeks to assert the following claims for which relief is requested (Exhibit A, Dckt. 137):

> Count 1 of the Complaint is for Turnover Property of the Estate. Under 11 U.S.C. Section 542, cited in the Complaint, only the Trustee can assert such a claim. This is not a situation where the Trustee is not seeking to recover property of the estate and the Debtor seeks to be given the right to attempt to recover for the estate what the trustee is ignoring. Trustee is actively seeking such recovery.
>
> Count 2 of the Complaint is for Involuntary Dissolution of the Corporation. This particular claim is a right of a shareholder, who will be the Trustee of the bankruptcy

estate if the Trustee prevails in enforcing the rights of the estate to 100% of the stock. As previously stated, Movant has given her interest to Trustee; thus she has no right to call for the company to dissolve.

Count 3 of the Complaint is for Objection to Claim 3-1.  Here, the Trustee is prosecuting the claim objection.

Movant attempts to create an appearance that the property rights and interests of the bankruptcy estate are not protected, and thereby her right to any surplus (just as it exists for any debtor in every case) is not protected by alleging in the Motion:

> Finally, the Defendants' recently-filed counterclaim includes numerous false allegations against Georgene and the Debtor personally.  Georgene must be allowed to have a voice in this adversary proceeding not only to protect her interests and her economic future, but also to defend her own reputation and that of her deceased husband.  No existing party adequately represents Georgene's interests in this proceeding.  The Defendants are adverse to Georgene's claims and therefore do not represent her interests; and although some of the Plaintiff Trustee's interests are similar to Georgene's, they are not the same and in some ways are, or may be, in conflict.

Motion, p. 3:18-24; Dckt. 133.  Movant does not explain how the Trustee's diligent prosecution of this Adversary Proceeding to recover all property of the estate and knock out any claim of the Defendants that is not allowable is in conflict with Movant's rights to any surplus estate.

Movant argues that she should be allowed to intervene and prosecute her own independent Complaint and Objection to Claim because the Defendant's Counterclaim includes some baseless and false statements about Movant and her late husband (the Debtor).  To the extent that such issues are relevant to be addressed, Movant can clearly be a witness to counter baseless, false allegations.  To the extent that they are not relevant to the adjudication of this Adversary Proceeding, merely because Movant wants to take Defendants to task for making such allegations is not a basis for letting Movant have an independent complaint for duplicate, and competing, relief against the Plaintiff-Trustee.

Movant also asserts that there could be rulings in this Adversary Proceeding which may negatively impact the Adversary Proceeding she commenced alleging violations of the automatic stay by Defendants post-discharge efforts to reform or rescind the Trust Agreement.  Movant does not articulate what such adverse rulings could be.  Movant has acquired from the Plaintiff-Trustee the claim for alleged violations of the automatic stay.  Upon the discharge being entered in the bankruptcy case, the stay terminated as to the Debtor Thomas Gassner (11 U.S.C. § 362(c)(2)(C)).  The stay did remain in effect for property of the bankruptcy estate, which included undisclosed property of the estate notwithstanding the case being closed.  11 U.S.C. §§ 362(c)(1), 554(c), (d).  Thus, it appears that the only adverse ruling in this Adversary Proceeding would be a determination that the bankruptcy estate had no interest in the property in the Thomas Gassner Trust due to Defendants' asserted right to reform the Trust Agreement or rescind it in part.

When Movant assigned all of her rights, which were the portion of the spendthrift trust not included in the bankruptcy estate, in exchange for acquiring any claims of the Trustee for violation of the stay, Movant clearly could see that the ability to prosecute alleged violation of the stay was dependent on the Plaintiff-Trustee prevailing in this Adversary Proceeding. Movant willingly turned over the keys to the litigation to determine that the bankruptcy estate was entitled to the property in the Gassner Trust, letting the Plaintiff-Trustee run that show.

In support of the need to intervene and take the litigation reigns away from the Plaintiff-Trustee, Movant makes the following statement:

> As for the Plaintiff Trustee, while it is true that some of the Trustee's and Georgene's interests may be somewhat aligned, they are not the same, and in some ways are, or may be, in conflict. The Bankruptcy Code imposes on the Bankruptcy Trustee the duty to serve several distinct interests. For example, trustees have an interest in the efficient liquidation and administration of estate assets and have a fiduciary duty to creditors of the estate, among others. As a result, the Trustee's main goal may simply be a quick and efficient resolution so that the bankruptcy case can be administered and creditors paid.[2]
> ----------------------------------------
> 2 This is in no way meant to disparage the Trustee's conduct or efforts in this case; merely to illustrate where differences could potentially exist or arise.

Points and Authorities, p. 11:19-28; Dckt. 135.

This statement is based on an inaccurate statement of law. Further, while attempting to qualify it with a self-serving footnote, Movant's basic assertion is that the Plaintiff-Trustee and counsel for the Plaintiff-Trustee will breach their fiduciary duties to the bankruptcy estate and give away property of the estate for a "quick payoff."

The court makes a special note for Movant that a trustee cannot have a fiduciary duty to creditors at the expense of others and not to the bankruptcy estate. The benefit from the trustee and the professionals hired by the estate in fulfilling that fiduciary duty flows not only to the creditors in there being assets properly administered by the fiduciary, but also to the debtor who receives the surplus that remains from the trustee and professionals hired fulfilling their fiduciary duties to the bankruptcy estate.

Put into context further, if the bankruptcy trustee owed a fiduciary duty to each of the creditors to act in their interests to the detriment of the bankruptcy estate, the trustee could never file an objection to a claim in a case. That would breach a duty to that creditor. A trustee could never propose a plan to alter the payment terms of a creditor to whom the trustee owes a fiduciary duty. That would breach a duty to that creditor.

With respect to a Trustee choosing to not recover all property of the estate, but "take a dive for a quick buck," the Ninth Circuit Court of Appeals discussed the duties of the bankruptcy trustee in *Walsh v. Northwestern Nat'l Ins. Co. (In re Ferrante)*, 51 F.3d 1473, 1477-1478 (9th Cir. 1995), stating (emphasis added):

> As **trustee**, he can, indeed **must, seek to "maximize the value of the estate**." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 353, 105 S. Ct. 1986, 1992-93, 85 L. Ed. 2d 372 (1985). Were he to do less, he might well be held liable for breaching that duty. *See In re Cochise College Park, Inc.*, 703 F.2d 1339, 1357 (9th Cir. 1983); Restatement (Second) of Trusts § 223(2)(a) (1959) (failure of successor trustee "to take proper steps to redress a breach of trust committed by the predecessor).
> . . .
> Not surprisingly, courts have often held that **trustees' duties extend beyond tending the undisputed assets of the estate**. *See, e.g., In re Sierra Trading Corp.*, 486 F.2d 191, 193 (10th Cir. 1973) (*per curiam*) (trustee was required to account for amounts earned from investment of money belonging to third parties in an adversary proceeding by those parties); *In re San Juan Hotel Corp.*, 847 F.2d 931, 936-38 (1st Cir. 1988) (there is a **broad power to surcharge trustees for forbidden acts which injure the estate or profit the trustee at the estate's expense**); *In re Reich,* 54 Bankr. 995, 1003, 1008-09 (Bankr. E.D. Mich. 1985) (trustee's surety will be held liable where trustee had "actual possession of the property"; whether an asset was technically in or out of an estate was immaterial).
> . . .
> As it said, citing *Mosser v. Darrow*, 341 U.S. 267, 274, 71 S. Ct. 680, 683, 95 L. Ed. 927 (1951), the Supreme Court has "established the general proposition that bankruptcy trustees may be held personally liable for breaches of fiduciary duty . . . . 'The most effective sanction for good administration is personal liability for the consequences of forbidden acts.'" 847 F.2d at 937 (citations omitted).

Going to the First Circuit Court of Appeals *In re San Juan Hotel Corp.* cited by the Ninth Circuit above in *In re Ferrante*, the First Circuit explains:

> Where an exact amount of loss to the estate can be determined, that amount is the correct measure of damages. *See Matter of Combined Metals Reduction Co.,* 557 F.2d 179, 197 (9th Cir. 1977) ("When a trustee has breached his trust, an equity court may hold him liable for any loss or depreciation in the value of the estate resulting from the wrongful act or omission."). Where the fact of harm can be determined but not the exact extent thereof, the estimated amount of harm to the estate should be surcharged.

*In re San Juan Hotel Corp.*, 847 F.2d 931, 938 (1st Cir. 1988).

This fundamental point of the fiduciary duty of the bankruptcy trustee running to the bankruptcy estate is discussed in, *In re Rollins*, 175 BR 69 (Bankr. E.D. Cal. 1994) written by the Hon. Michael S. McManus while serving as a bankruptcy judge in this District:

> A chapter 7 trustee is charged with **securing possession of assets of the estate**, converting non-cash assets into money, **and preserving those assets for the benefit of the creditors and the debtor**. 11 U.S.C. §§ 704(1), (2); *Reich v. Burke (In re Reich)*, 54 Bankr. 995, 998 (Bankr. E.D. Mich. 1985). A trustee who fails

to exercise due diligence in collecting and preserving assets of the estate will be personally liable for assets lost through his or her intentional or negligent misconduct. *Reich v. Burke (In re Reich)*, 54 Bankr. at 998; *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1357 (9th Cir. 1983); *United States v. Aldrich (In re Rigden)*, 795 F.2d 727, 730 (9th Cir. 1986); *In re Power*, 115 F.2d 69, 72 (7th Cir. 1940).

A trustee's duty of **care to creditors and the debtor** is measured and defined by the "care and skill . . . a man of ordinary prudence would exercise in dealing with his own property. . . ." *Restatement (Second) of Trusts § 174* (1959). In the words of the bankruptcy court in Reich:

> The measure of care, diligence and skill required of a bankruptcy trustee is that of an ordinarily prudent man in the conduct of his private affairs under similar circumstances and of a similar object in view; and although a mistake of judgment is not a basis to impose liability on a trustee, a failure to meet the standard of care does subject him to liability.

*In re Reich*, 54 Bankr. at 998. See also Daniel B. Bogart, "Liability Of Directors Of Chapter 11 Debtors In Possession: Don't Look Back. Something May Be Gaining On You," 68 *Am. Bankr. L.J.* 155, 202-204 (1994).

*In re Rollins*, 175 B.R. 69, 74 (Bankr. E.D. Cal. 1994).

To the extent that a fiduciary duty is owed by the trustee to creditors and debtors, it is similar to that of a trustee under a trust - with it being owed equally to all - the debtor as well as the creditors.  The trustee will not cheat, the trustee will not steal, and the trustee will not throw away assets.

Movant having transferred all rights and interests in the trust corpus to the Chapter 7 Trustee, the fiduciary of that bankruptcy estate, Movant does not meet the criteria to intervene.  Movant has a right to the surplus monies, but only to the surplus monies.  Thus, Movant cannot litigate rights that are not hers, but the Plaintiff-Trustee's in this Adversary Proceeding.  With respect to the related Adversary Proceeding, Movant has not demonstrated that there are any issues to be determined here that have an impact on the alleged violation of the stay as to property of the bankruptcy estate, other than the Plaintiff-Trustee not being able to prevail on the rights and interest of the bankruptcy estate in the assets of the Thomas Gassner Trust.  Movant voluntarily ceded those rights and interest to the Plaintiff-Trustee to prosecute in exchange for getting the Plaintiff-Trustee's rights to prosecute a violation of the automatic stay.  Movant having voluntarily giveth, Movant cannot forcibly taketh back.

The Motion is denied.